Dutch Epperson v. International & Great Northern Railroad Company.

Decided February 2, 1910.

**1.—Negligence—Contributory Negligence—Person Insensible on Railway Track.**

Evidence considered and held to support a verdict for defendant in a case where one lying insensible upon a railway track at a point remote from stations was struck and injured by a train.

**2.—Same—Charge.**

One falling insensible upon a railway track, without negligence, would not be precluded from recovery for injury caused by negligence of those operating a train, as by their failure to keep a lookout for persons on the track where the circumstances require such lookout as an exercise of ordinary care. But if the injured person knew himself to be liable to sudden attacks of unconsciousness and his act in entering and walking along the track with such knowledge be found to be negligence, then, if rendered insensible there by such weakness, his negligence would prevent his recovery for injury caused to him in such situation by defendant's negligent failure to discover him in time; defendant in such case could become liable only under the rule applicable in cases of discovered peril. See charges approved as a correct presentation of these principles.

**3.—Negligence—Speed of Train—Charge.**

A railway has the right to run its train at such speed as it chooses at points between stations, so far as concerns the rights of trespassers or licensees walking or lying on its track. See charge to this effect approved.

**4.—Contributory Negligence—Sleeping on Track.**

One voluntarily lying down to sleep on a railway track is guilty of negligence precluding his recovery for injuries caused by negligence of those operating trains thereon. Charge approved and held warranted by evidence.

**5.—Same—Liability to Attacks of Unconsciousness.**

Evidence considered and held sufficient to raise and require the submission of the issue as to contributory negligence by plaintiff in entering on and walking along a railway track with knowledge of his liability to attacks rendering him unconscious.

Appeal from the District Court of Milam County. Tried below before Hon. J. C. Scott.

*W. W. Chambers* and *Freeman & Kidd,* for appellant.—It was shown in the trial, conclusively and by uncontroverted evidence, that negligence on the part of the defendant's employes was the cause of injuries to plaintiff, not caused or contributed to by any negligence on his part. Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 620-622; Texas & P. Ry. Co. v. Watkins, 88 Texas, 20; Ft. Worth & D. C. Ry. Co. v. Longino, 54 Texas Civ. App., 87; Missouri, K. & T. Ry. Co. v. Hammer, 34 Texas Civ. App., 354; St. Louis S. W. Ry. Co. v. Bolton, 36 Texas Civ. App., 87; Houston & T. C. Ry. Co. v. Harvin, 54 S. W., 631; Texas & P. Ry. Co. v. Phillips, 37 S. W., 621, 622; Galveston City Ry. Co. v. Hewitt, 67 Texas, 479; Olivaras v. San Antonio & A. P. Ry. Co., 77 S. W., 983; Galveston, H. & N. Ry. Co. v. Olds, 112 S. W., 791, 792; Ft. Worth & D. C. Ry. Co. v. Poteet, 53 Texas Civ. App., 44; San Antonio & A. P. Ry. Co. v. Vaughn, 5 Texas Civ. App., 195; Missouri, K. & T. Ry. Co. v. Malone, 102 Texas, 269; Chamberlain v. Missouri, K. & T. Ry. Co., 33 S. W., 440; Gunn v. Ohio River Ry. Co., 36 W. Va., 165; Indianapolis, P. & C. Ry. Co. v. Pitzer, 6 N. E., 310; Bottoms v. Seaboard & R. Ry. Co., 19 S. E., 730; Mitchell v. Boston & M. Ry. Co., 34 Atl., 674; Chicago, B. & Q. Ry. Co. v. Grablin, 56 N. W., 796; Southern & N. A. Ry. Co. v. Donovan, 4 So., 142; Townley v. Chicago, M. & St. P. Ry. Co., 11 N. W., 55; Smith v. Norfolk & S. Ry. Co., 25 L. R. A., 287-290; Eppstein v. Missouri Pac. Ry. Co., 94 S. W., 970; Frye v. St. Louis, I. M. & S. Ry. Co., 8 L. R. A., 1076, note III.

The court assumes and, in effect, instructs the jury that negligence, of whatever character, on the part of the plaintiff in originally going upon the track, would be contributory negligence, precluding his recovery, regardless of the question of his subsequent mental attack, as an independent, efficient cause, intervening between such negligence and the injury. Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 620-622; San Antonio & A. P. Ry. Co. v. Trigo, 101 S. W., 256, 257; Galveston, H. & S. A. Ry. Co. v. Ware, 67 Texas, 636, 637; Brandon v. Gulf City, C. P. & Mfg. Co., 51 Texas, 128, 129; Missouri, K. & T. Ry. Co. v. Dobbins, 40 S. W., 865, 866; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 277-280; 29 Cyc., 529; Pittsburg Reduction Co. v. Horton, 113 S. W., 648, 649.

The court instructs the jury that negligence on the part of the plaintiff in originally going upon the track or in "being thereon," or in his conduct while thereon, would be contributory negligence, precluding his recovery, whether or not such negligence proximately contributed to cause his injury. Hardin v. Ft. Worth & D. C. Ry. Co., 100 S. W., 996; Eads v. City of Marshall, 29 S. W., 171; Paris, M. & S. P. Ry. Co. v. Nesbitt, 38 S. W., 243, 244; Chicago, R. I. & P. Ry. Co. v. Buie, 31 Texas Civ. App., 654; Gulf, C. & S. F. Ry. Co. v. Carter, 71 S. W., 75; Adams v. Gulf, C. & S. F. Ry. Co., 105 S. W., 527, 528; International & G. N. R. Co. v. Garcia, 75 Texas, 591; St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 95; St. Louis S. W. Ry. Co. v. Parks, 40 Texas Civ. App., 480; 7 Am. & Eng. Ency Law, 373, 392, 395.

*S. R. Fisher* and *S. W. Fisher* (King & Morris, of counsel), for appellee.—Plaintiff's injuries were directly and proximately caused by his voluntary and wanton act of going upon and lying on or near defendant's track when his presence thereon could not, under the circumstances then and there existing, have been discovered by those operating the train in time to have saved him from hurt. Texas & P. Ry. Co. v. Breadow, 90 Texas, 27; Texas & P. Ry. Co. v. Staggs, 90 Texas, 460; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 199; St. Louis S. W. Ry. Co. v. Shiflet, 98 Texas, 326; Texas & P. Ry. Co. v. Shoemaker, 98 Texas, 451; Gulf, C. & S. F. Ry. Co. v. Mathews, 100 Texas, 65; Texas Midland Ry. Co. v. Byrd, 102 Texas, 263; Missouri, K. & T. Ry. Co. v. Malone, 102 Texas, 269; International & G. N. R. Co. v. Ploeger, 96 S. W., 56; Creagers, Adm'r., v. Illinois Cent. R. Co., 121 S. W., 458.

RICE, ASSOCIATE JUSTICE.—Appellant brought this suit for the recovery of damages for personal injuries sustained by him on account of being run over by one of the cars of appellee company, while, as he claimed, he was lying in an insensible condition upon its track, it being averred that the track at the point where he was injured was, with knowldge and acquiescence of appellee, commonly and generally used by the people of the vicinity, thereby casting upon appellee the duty of keeping a lookout to avoid injury to those so using it; the negligence relied upon in this instance for recovery being that appellee

failed to exercise ordinary care to keep such lookout to discover appellant's danger in time to have averted the injury.

Appellee replied by general demurrer, special exceptions, general denial, and plead specially contributory negligence on the part of appellant in voluntarily going to sleep upon the track of appellee, whereby he contributed to his injury; and further, that he was a trespasser on the track of appellee at the time and place where it is alleged he was injured, and that the company rested under no obligation to maintain a lookout to discover his presence on or near the track, but only rested under the duty to exercise due diligence and care to avoid running over him after his presence was discovered, and that its servants in charge of the train did not discover his presence or the danger to which he was exposed until it was too late, by the exercise of due care, to avoid running upon or against him.

There was a jury trial and verdict and judgment in behalf of the defendant, from which appellant prosecutes this appeal.

Appellant's first assignment of error presents the contention that the verdict and judgment in behalf of the defendant was contrary to and against the law and the evidence, in that it was conclusively shown thereby that negligence on the part of appellee's employes, while on duty in its service, was the direct and proximate cause of his injuries, it appearing therefrom that he was not guilty of contributory negligence.

The accident which resulted in appellant's injury occurred on a fenced portion of the railway track some three miles north of Gauze, in Milam County, on the 23d of June, 1907. It appears that on the evening of this day he was walking on the railway track, returning from a neighbor's house to get his horse, which he had left near his sister's. The distance that he would necessarily have had to walk on the track for this purpose was something like a quarter of a mile. It was shown that about a year before this time appellant had twice suffered while at work from attacks brought on by being overheated, which rendered him for a while thereafter unconscious; and the testimony introduced by him indicated that on the evening in question, after getting upon the track, that he was overcome by a similar attack, from which he did not regain consciousness until after he was struck by the northbound passenger train, which was due about that time in the evening. The track was shown to have been straight for some two or three miles south from the point where he was injured, and it is his contention that if a lookout had been kept by those operating the cars of appellee they would have discovered him in time to have prevented the injury, and, failing so to do, they were guilty of negligence which authorized a recovery on his part against the company.

It is shown on the part of the company that a lookout was kept on the part of the fireman and engineer, but that owing to the lateness of the evening, and the shadows from the trees and woods through which they were running, they failed to discover appellant's presence on the track until within 90 or 100 feet, whereupon they immediately blew the whistle, cut off the steam and threw the emergency brake, and did everything else in their power to stop the train before

it came in contact with him, but that the cars could not be stopped within that distance, since they were going at the rate of 45 miles an hour, which was their usual and customary speed; and further, that it was shown that appellant had stated to them, after being injured, that he had become weary and laid down upon the track for the purpose of resting, and had gone to sleep, and, therefore, that they were not guilty of negligence, but that appellant was guilty of contributory negligence in going to sleep upon the track, and that the verdict was justified by the facts.

The issues thus raised were submitted by the court in an admirably clear charge for the consideration of the jury. The facts above outlined, supplemented by other evidence in the record unnecessary to here set out, are, in our judgment, sufficient upon which to predicate a verdict in behalf of the appellee. Hence we are constrained to overrule this assignment, and hold that the same is not well taken.

The second assignment complains of the latter part of paragraph 6 of the court's charge, on the ground, first, that the same assumes, and, in effect, instructs the jury, that negligence, of whatever character, on the part of the plaintiff, in originally going upon the track, would be contributory negligence precluding his recovery, regardless of the question of his subsequent mental attack as an independent, efficient cause intervening between such negligence and the injury; and by his second proposition urges that said charge likewise, in effect, instructs the jury that negligence on the part of the plaintiff in originally going upon the track would be contributory negligence which would preclude recovery, irrespective of whether such negligence proximately contributed to cause said injury. The entire section of the charge involved by this assignment reads as follows:

"6. If you believe from the evidence that the plaintiff, while on the defendant's railway track, was struck and injured by its said train, and you also believe from the evidence that the plaintiff was guilty of negligence in being on said track at the time and place and under the circumstances and conditions of his being thereon, or if you believe from the evidence that he failed, while on the track, to keep a reasonably careful lookout for the approaching train and was thereby guilty of negligence; or if you believe from the evidence that he went to sleep on the track and was thereby guilty of negligence; or if you believe from the evidence that he voluntarily remained on the track till the train approached and struck him, and was thereby guilty of negligence; and if you further believe from the evidence that any such negligence, if any, on the part of the plaintiff proximately caused or contributed to cause his injuries, if any he sustained, then you will find for the defendant, even though you believe from the evidence that the defendant's employes operating the engine of said train were guilty of negligence which proximately contributed to cause such injuries. But in this connection you are instructed that if the plaintiff was not guilty of negligence in going upon said track for the purpose and under the circumstances and conditions of his going thereon; and if you believe from the evidence that, while on said track, he was attacked and overcome by a mental disturbance which rendered him insensible and irresponsible for his acts, and that

while in such insensible and irresponsible condition, if any, he was struck and injured by the defendant's said train; and if you further believe from the evidence that, up to the time he was attacked and overcome by such mental disturbance, if he was so attacked and overcome, he was not guilty of negligence in being upon said track, or in his conduct thereon, then he would not be guilty of contributory negligence."

The above charge, when taken together, we do not think is open to the objection raised, because the portion objected to, when considered with reference to the first part thereof, as contended by appellee, correctly instructed the jury that if they found that plaintiff, while upon the track, was overcome by a mental disturbance, which rendered him insensible and irresponsible for his acts, he would not be guilty of an act of contributory negligence to his injury, if they further found that plaintiff was not, up to the time of such mental disturbance, if any, guilty of negligence in going upon the track and in his conduct while upon the track. So that, at last, his contributory negligence was made to depend upon the fact as to whether or not he was guilty of negligence in the first instance in going upon the track with knowledge of his condition, which statement, we believe, is a correct enunciation of the law, for it is certainly true that a man who was demented or who was suddenly stricken by some providential cause, and thereby rendered unconscious, could not, on account thereof, be held guilty of contributory negligence; but the negligence, if any, would consist of going or being upon the track with the knowledge on his part that he might likely while there be overtaken by some such mental disturbance, which we think should have been anticipated by him on account of former similar attacks. If the engineer or those in charge of the train used or exercised ordinary care to discover the plaintiff, but, after so doing, failed to see him in time to avoid the injury, the company could not be held responsible, even though appellant should be held free from contributory negligence by reason of his want of mental capacity to appreciate his danger and avoid the same.

At the instance of appellee, the court gave the following charge: "You are instructed that the International & Great Northern Railroad Company had the right to use its track for its train, and to run its train thereover at any rate of speed which it saw fit, and persons undertaking to use or using said track to walk thereon did so subject to that right; and you are further instructed that if you believe from the evidence that, at the time of the accident to plaintiff, defendant's train was being operated over its track at the rate of about 45 miles per hour; that the operators in charge of defendant's train were exercising ordinary care to keep a lookout, and that in the exercise of such care they failed to discover plaintiff's presence in the place of danger until it was too late to stop or stay the progress of said train in time to avert the accident to plaintiff, then you must find in favor of the defendant."

This charge is assailed under appellant's third assignment, first, on the ground that it is calculated to induce the jury to believe that defendant's employes, in charge of the engine which struck plaintiff,

were not charged with the duty of exercising ordinary care to avoid injuring him; and it is likewise assailed on the further ground that it is inconsistent and in conflict with the second sentence of said special charge and with paragraphs 1 and 3 of the court's main charge, which embodied a correct instruction on the vital issue in the case; and, third, it is insisted that it was erroneous in that it repeats an instruction embodied in the main charge. The court in its main charge instructed the jury, among other things, that it was the duty of those in charge of the engine to keep a lookout, and that a negligent failure so to do, proximately causing the injury, would entitle the plaintiff to recover, unless he was guilty of contributory negligence, etc. We think the special charge asked and given is not subject to the criticism urged against it, because the appellee had the right at the place of the accident, it being in the country, to operate its train at such speed as it saw proper, consistent with the safety of its passengers, provided it exercised ordinary care in so doing.

The following special charge was also given at the instance of appellee: "You are instructed that if you believe from the evidence that the plaintiff, Dutch Epperson, voluntarily sat or laid down on the bridge at or near which he was injured, or went to sleep thereon, then you must find in favor of the defendant, without regard to any other issue in the case." There was evidence to the effect that the appellant sat down upon the track to rest and went to sleep while there, and this charge was based upon this evidence and justified thereby. See Beach on Contrib. Neg., section 197, p. 292.

The sixth assignment complains of the following charge of the court given at the instance of appellee: "You are instructed that if you believe from the evidence that the plaintiff went upon the defendant's track, and into a place of danger; that he had theretofore had attacks or lapses from consciousness; that a person of ordinary prudence, under the same or similar circumstances, knowing that he had been so subject to said attacks or lapses from consciousness, would not have gone upon defendant's track as plaintiff did; and that plaintiff thereafter had such attack or lapse from consciousness and fell or lay upon defendant's track until he was struck and injured, and that the act of plaintiff in going upon said track under such circumstances was negligence which directly and proximately contributed to causing the accident, then you must find in favor of defendant." The evidence, in our judgment, was sufficient to raise the issue presented by this charge. It has frequently been held that it is the duty of the court to affirmatively present the law to every issue raised by the evidence. See Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Gulf, C. & S. F. Ry. Co. v. Denson, 72 S. W., 70; San Antonio & A. P. Ry. Co. v. Kiersey, 98 Texas, 591; St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 480.

The remaining assignments have been considered, but are regarded as not well taken, and are therefore overruled.

Finding no error in the proceedings of the court below, its judgment is affirmed.

*Affirmed.*