HAMILTON v. HARRIS.    (No. 6067.)

(Court of Civil Appeals of Texas. San Antonio. June 12, 1918.)

1. TRIAL ⏀203(1)—INSTRUCTIONS—SUBMITTING DEFENSES.

It is error to fail to submit affirmatively to the jury a defense supported by pleading and evidence.

2. PHYSICIANS AND SURGEONS ⏀15—LIABILITY FOR NEGLIGENCE.

A physician is not liable for injury to patient in using X-ray, if the cause of the injury was the abnormal hypersensitiveness of the patient's skin, which could not have been discovered prior to the treatment.

3. APPEAL AND ERROR ⏀1068(4)—HARMLESS ERROR.

In malpractice case, where the amount of the verdict, together with the extent of injuries, indicated that omission to limit jury to reasonable expenses for physicians, etc., was not harmful, the error was not reversible.

4. DAMAGES ⏀40(3)—MEASURE OF DAMAGES.

In action for physician's negligence, loss of business is a remote consequence for which the physician is not liable.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by J. A. Harris against Dr. W. S. Hamilton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Hertzberg, Kercheville & Thomson, of San Antonio, for appellant. T. H. Ridgeway and T. M. West, both of San Antonio, for appellee.

SWEARINGEN, J. Appellee, J. A. Harris, brought this suit against Dr. W. S. Hamilton, the appellant, to recover damages for personal injuries alleged to have been inflicted upon appellee by the negligent application of X-rays to the body of appellee for the purpose of treating eczema, which application resulted in burning appellee. The cause was submitted to a jury in a general charge. There was a verdict and a judgment in favor of appellee against appellant for $2,500.

The cause alleged was that the X-ray is a dangerous agency; that appellant was negligent because he failed to protect, with a blanket of lead, or a composition of rubber and lead, appellee's body from being burned, such protection being usual and customary; that the opening in the protecting blanket was too large; that the current applied by appellant was too much and too intense, making it too powerful; that appellant exposed appellee to the current for too long a time; and that appellant left the room in which the treatment was administered during the application of the X-ray, whereas he should have remained and watched the effect of the treatment. Injury, pain, suffering, loss of time, permanent injury, etc., were fully alleged.

Appellant answered by general demurrer, general denial, and specially alleged in defense that the injury to appellee was caused by the peculiar condition of appellee's skin, which was alleged to be hypersensitive to X-ray current, and that this idiosyncrasy of appellee's could not have been discovered by appellant prior to the treatment. Other defenses were pleaded, consideration of which is not invoked.

The facts are that appellee was severely burned by an X-ray current while being treated professionally by appellant, who was a practicing physician and an expert in treating skin diseases with the X-ray. The controlling issue of fact made by the evidence is whether the injury was caused by one or more of the acts of negligence alleged by appellee or whether the injuries were suffered because appellee's skin was hypersensitive to the X-ray current. Naturally whether or not appellee did in fact have a hypersensitive skin was an issue. There was evidence of the extent of the injury and loss.

The first and second assignments assail the court's general charge because it did not affirmatively submit to the jury appellant's defense that the proximate cause of the injury was the hypersensitive skin of appellee.

---

⏀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] The court's charge defined "negligence" to be the failure to exercise ordinary care, defined "ordinary care," and further instructed to find for appellee if the jury believed from the evidence that appellant was negligent as alleged and believed that such negligence was the proximate cause of the injuries; otherwise to find for appellant. The defense of abnormal skin made by appellant's pleading and evidence was not affirmatively submitted. Appellant, by timely objection made in due form, complained of this omission. The rule that it is error to fail to affirmatively submit to the jury a defendant's defense, which is supported by pleading and evidence, is established, and does not seem to be disputed by appellee's counsel. M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway v. Shieder, 88 Tex. 166, 30 S. W. 902, 28 L. R. A. 538; Yellow Pine Oil Co. v. Noble, 101 Tex. 125, 105 S. W. 318; M., K. & T. Ry. Co. v. Renfro, 83 S. W. 21; T. & P. Ry. Co. v. Dawson, 34 Tex. Civ. App. 240, 78 S. W. 235; Johnson v. Johnson, 38 Tex. Civ. App. 385, 85 S. W. 1023; Dallas Ry. Co. v. Conn, 100 S. W. 1019; Epperson v. I. & G. N., 59 Tex. Civ. App. 66, 125 S. W. 117; Posener v. Harvey, 125 S. W. 356; M., K. & T. Ry. Co. v. Burk, 146 S. W. 600; Bangle v. M., K. & T. Ry. Co., 140 S. W. 374; Baker v. Williams, 198 S. W. 808; M., K. & T. Ry. v. Jamison, 27 S. W. 1090.

Neither is there any question that the issue that hypersensitive skin was the proximate cause of the injury was presented by appellant's pleading and evidence. There is, furthermore, no pretense that this defensive issue was affirmatively submitted. The contention of appellee's counsel, as we understand it, is that the affirmative submission of the defense would have been a charge upon the weight of evidence, inasmuch as the question of appellee's hypersensitive skin is involved in the question of whether appellant was guilty of negligence, and that there was no evidence that appellee actually had the idiosyncrasy asserted by appellant.

If credited by the jury, the testimony of appellant himself, and of Drs. Herff, Jackson, Wilson, Van Zant, and Martin, as well as the testimony of appellee's witness Dr. B. F. Smith, is sufficient to authorize the jury to find that appellee did have a hypersensitive skin, and that this peculiarity was the proximate cause of the injury. We do not think the affirmative submission desired by appellant would have been a charge upon the weight of the evidence. A physician is not required to take precaution against a peculiar temperament or abnormal idiosyncrasy of which he had no knowledge and for detecting which there is no means. The evidence shows that appellant did not know of appellee's hypersensitiveness, and that there is no way to ascertain such a peculiarity prior to the treatment. Bogle v. Winslow, 5 Phila. (Pa.) 136; 1 L. R. A. 720, note. We think the jury should have been told in appropriate language that, if they believe the proximate cause of the injuries to appellee was his abnormal hypersensitiveness, but for which the injury would not have occurred, a verdict should be returned for defendant.

The first and second assignments are sustained.

The foregoing also requires us to sustain the fourth, fifth, sixth, thirteenth, fourteenth, and fifteenth assignments, each of which presents a similar question. However, in sustaining these assignments, we do not mean to approve the form of the special instructions requested. We merely hold that the defense should have been properly affirmatively submitted either in the main charge or, if not, in a special instruction if request is properly made.

[3] The seventh assignment criticizes the court's charge because it failed to limit the jury to reasonable expenses for physicians, medicines, hospital service, and nurses. In view of the evidence and the amount of the verdict, it does not appear that this omission from the charge was harmful to appellant, hence is not reversible error, but we suggest that the qualification or limitation requested should be made.

[4] The eighth assignment urges error in the general charge for the reason that the jury were instructed to consider both loss of time and loss of business as elements of damage. From this the jury might find a double damage. Besides, the loss of business is not pleaded, and, if it were, the loss of business is a remote consequence for which appellant could not be liable.

The eighth assignment is sustained, as are also the ninth and twelfth, which present a similar question.

The tenth assignment is overruled. There was evidence of impairment of earning capacity and of permanent impairment.

The eleventh assignment insists that a new trial should have been given because of remarks of appellee's counsel in addressing the jury. The remarks were legitimate conclusions of counsel, and, in view of the evidence and verdict, not reversible error, though perhaps unpleasant to appellant. The eleventh assignment is overruled.

The sixteenth assignment complains because the court refused to submit an issue of assumed risk. There is no evidence that would authorize such a charge. There is no evidence that appellee knew or ought to have known the X-ray treatment was dangerous; dangerous because powerful and insidious.

We overrule the sixteenth assignment.

The judgment of the trial court is reversed, and the cause remanded.