**ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. GROSS et al. (No. 3006.)**

(Court of Civil Appeals of Texas. Texarkana. Jan. 21, 1925. Rehearing Denied Jan. 29, 1925.)

1. **Master and servant ⚮291(5)—Instruction to find for plaintiffs, if defendant's employees ran train at excessive speed, held not warranted by evidence.**

Instruction to find for plaintiffs, in death action, if defendant's employees ran train at dangerous and excessive speed, *held* not warranted by testimony that train running at 45 or 50 miles an hour could be stopped within its length, and that train, though brakes were applied, ran greater distance after striking deceased.

2. **Master and servant ⚮137(1) — Railroad may run train at any speed in absence of statutory regulations or special circumstances.**

In absence of statutory regulations or special circumstances imposing duty as to speed of train at time and place of accident, railroad may run train at any speed it sees fit, as in country otherwise than at crossing.

3. **Appeal and error ⚮930(4)—Presumption that jury based verdict on ground of negligence supported by evidence not indulged.**

Presumption that jury's verdict was based on other ground of negligence submitted than one not supported by evidence, cannot be indulged in support of judgment.

4. **Appeal and error ⚮843(1)—Questions not likely to arise on retrial not determined.**

Questions not likely to arise on retrial will not be determined.

5. **Evidence ⚮123(11)—Testimony as to fireman's statement, about 20 minutes after train struck deceased, held inadmissible.**

Passenger's testimony as to hearing fireman say, about 20 minutes after train struck deceased, that when he first saw latter he appeared to be getting up and getting off bridge, *held* not within res gestæ rule.

6. **Appeal and error ⚮1050(1)—Admission of hearsay testimony as to fireman's statement after train struck deceased held not harmful.**

Admission of fireman's statement, about 20 minutes after train struck deceased, that latter appeared to be getting up and getting off bridge when fireman first saw him, *held* not harmful to defendant, where all testimony tended to prove that deceased was lying or sitting down on bridge as train approached.

Appeal from District Court, Titus County; R. T. Wilkinson, Judge.

Action by Mrs. Lucile Gross, individually and as administratrix of the estate of Alvis Gross, deceased, against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

At about 3 o'clock of the morning of September 3, 1922, Alvis Gross, in appellant's service as a "bridge or track walker," was run over and instantly killed by one of appellant's passenger trains moving west on its track about six miles east of Waco. Gross was on a bridge or trestle 357 feet long and 12 or 15 feet high and near the middle thereof when he was struck by the train. On the theory that his death was due to negligence on the part of employés of appellant in charge of the train, his widow, appellee Lucile Gross, on her own account, and as next friend of her infant child, commenced and prosecuted this suit against appellant for damages. She amended her pleadings after she commenced the suit, and sued as temporary administratrix of the estate of her deceased husband. The appeal is from a judgment in her favor for $7,000, apportioned in accordance with the verdict of the jury as follows: $2,000 to her, and $5,000 to Alvis Gross, Jr., the only surviving child of the

marriage between Mrs. Gross and said Alvis Gross, deceased.

J. A. Ward, of Mt. Pleasant, J. M. Burford, of Dallas, and King, Mahaffey & Wheeler, of Texarkana, for appellant.

I. N. Williams, of Mt. Pleasant, and B. Q. Evans, of Greenville, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] In his charge the trial court told the jury to find for appellees, other conditions specified concurring, if they believed from the evidence that appellant's employés in control of the train "ran same at a dangerous and excessive rate of speed," or negligently "failed to keep a lookout," as the train approached the place where the accident occurred. The instruction was objected to on the ground (among others, none of which we regard as tenable) that the testimony did not warrant a finding of liability on appellant's part because of the speed of the train. And clearly it did not, we think. The only testimony relevant to the question was that to the effect (1) that a train running at the rate of 45 or 50 miles an hour could be stopped by a proper application of its brakes in a distance equal to its length; (2) that the brakes were applied on the occasion of the accident; and (3) that the train ran a greater distance than its length after it struck Gross. It is urged in support of the action of the court that the testimony referred to indicated that the train was running at a rate of speed in excess of 50 miles an hour at the time of the accident. We do not think so, but if we did we would be of the opinion, nevertheless, that the instruction was not warranted, for it conclusively appeared from other testimony that the place where the accident occurred was not in a city or town, nor at a crossing, but was in the country. In the absence, as was the case, of statutory regulations or special circumstances imposing a duty on appellant with respect to the speed at which its train should be operated at the time and place of the accident, it had a right to run same at any speed it saw fit without being chargeable with negligence. Railway Co. v. Haywood (Tex. Civ. App.) 227 S. W. 347, and authorities there cited; Epperson v. Railway Co., 59 Tex. Civ. App. 66, 125 S. W. 117; Ceasar's Adm'r v. Ry. Co., 155 Ky. 160, 159 S. W. 708.

[3] The insistence that if the instruction was erroneous in the respect referred to the error should be treated as harmless and the judgment affirmed, cannot be sustained. The insistence is on the theory that if the testimony did not warrant a finding of negligence because of the speed of the train, it should be presumed that the verdict of the jury was based on the other ground of negligence submitted to them, to wit, the failure of appellant's employés in charge of the train to keep a lookout, and discover Gross on its track, and avoid injury to him. It is held that such a presumption cannot be indulged in support of a judgment. Lancaster v. Fitch, 112 Tex. 293, 246 S. W. 1015; Railway Co. v. La Velle (Tex. Civ. App.) 260 S. W. 248; Schaff v. Ridlehuber (Tex. Civ. App.) 261 S. W. 523.

[4, 5] Other questions than the one hereinafter referred to presented in appellant's brief, and not disposed of by the ruling made, are not likely to arise when the case is tried again, and therefore they will not be stated and determined. The excepted question is the one arising on the action of the court in admitting, as evidence, over appellant's objection that it was hearsay, the testimony of the witness Parrish (a passenger on the train) that about 20 minutes after the train struck Gross he heard the fireman say that "the first he saw of the deceased he appeared to be getting up and getting off the bridge." As explanatory of his ruling, the trial court qualified his approval of the bill of exceptions by a statement as follows:

"He (the witness) said that he was awakened by its (the train's) bucking and pitching, and it ran about 100 yards after this. He says he got off and went to where the body was found, and after he got there the fireman and the engineer came up together from the engine, and the fireman made the statement voluntarily and without being questioned about the occurrence."

[6] We are inclined to think the testimony objected to was not within the res gestæ rule, and that it should be excluded if offered as evidence and objected to on another trial. Railway Co. v. Laird (Tex. Civ. App.) 224 S. W. 305. But the error in admitting the testimony at the last trial could not have been harmful to appellant, and therefore it is not regarded as furnishing a reason for reversing the judgment. That Gross was on the bridge when he was struck by the train does not appear to have been a disputed issue in the case, and all the testimony in question tended to prove was that he was lying down or sitting down thereon as the train approached him.

The judgment is reversed, and the cause is remanded for a new trial.