**CLARY v. MORGAN MOTOR CO.**

No. 15323.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 22, 1952.

Peery & Kouri and Allen, Locke & Crampton, all of Wichita Falls, for appellant.

Nelson, Montgomery, Robertson & Sellers, of Wichita Falls, for appellee.

HALL, Chief Justice.

Appellant Arthur Clary brought this suit against appellee Morgan Motor Company in a district court of Wichita County for damages caused by fire to a truck which he left in appellee's place of business for repair.

The case was tried to a jury, which acquitted appellee of the several specific acts of negligence alleged by appellant, such as: (a) That there was no pool of paint thinner on the floor of appellee's building just prior to the fire in question; (b) that none of appellee's agents, servants and employees tossed a match into a pool of paint thinner immediately before the fire; (c) that appellee's negligent act in allowing smoking on its premises was not a proximate cause of the fire in question; (d) appellee had adequate fire-fighting equipment to use in case of fire; and (e) appellee, its agents, servants and employees, undertook to extinguish the blaze before it got out of control.

The jury returned answers favorable to appellant in answer to a group of special issues submitted to it, alleging negligence in general terms, and based upon the same evidence introduced for the purpose of supporting special issues relating to the specific acts of negligence, supra. Such issues, in general terms, were to the effect that appellee, its agents, servants and employees, failed to maintain the premises in a safe condition, which was negligence that proximately caused the damage to appellant's truck.

The jury found the value of appellant's truck before the fire was $2,946.15 and after the fire its value was $250; that loss of its use was $375, and value of the materials and repairs placed on the truck by appellee prior to the fire was $946.15.

The trial court rendered judgment non obstante veredicto.

Appellant submits error of the trial court in rendering judgment notwithstanding the verdict as his only point. He claims the evidence is sufficient to support findings in his favor in answer to the issues submitted on negligence in general terms, supra.

Ordinarily, general averments of negligence or contributory negligence are limited and controlled by various acts specified and the special issues should be restricted to said specific acts of negligence alleged and proved. It is usually not proper to submit issues as to negligence in general terms, 41 Tex.Jur., p. 1095, sec. 270, especially over the objection of the opposite party in cases where specific acts of negligence are plead and relied upon. International Great Northern Ry. Co. v. Hawthorne, Tex.Civ.App., 90 S.W.2d 895; Id., 131 Tex. 622, 116 S.W.2d 1056; Texas Coca-Cola Bottling Co. v. Wimberley, Tex. Civ.App., 108 S.W.2d 860, error dismissed.

Appellant introduced a portion of a deposition of the witness Richard Lee Jenkins, thereby vouching for the part offered, which testimony was unfavorable to appellant but nevertheless under the law the witness became that of appellant and he could not thereafter offer additional testimony to impeach his own witness. Fenner v. American Surety Co. of New York, Tex. Civ.App., 156 S.W.2d 279, ref.w.m.; Parr v. Parr, Tex.Civ.App., 207 S.W.2d 187, ref. n.r.e. Appellant then introduced the deposition of Norman Phillips, a newspaper re-

938

porter, which testimony merly impeached that of appellant's witness Jenkins.

█ The impeaching testimony was to the effect that witness Jenkins told witness Phillips, about two hours after the fire, that he lit a cigarette and threw the match in a pool of inflammable fluid, which caused the fire. Of course, in the portion of his deposition introduced by appellant, Jenkins denied that such an event happened. Even though the witness Jenkins was subsequently called in person by appellee, he nevertheless remained appellant's witness, since he was not called upon to testify to new matter by appellee. Fenner v. American Surety Co. of New York, Tex.Civ.App., supra.

█ Appellee's contention in defending the trial court's judgment non obstante veredicto is in substance that the evidence was insufficient to support the jury's answers to special issues submitting negligence in general terms, supra. We think appellee's position is well taken. Testimony relied on by appellant to support the jury's finding that appellee failed to maintain its premises in a safe condition, which negligence was a proximate cause of the damage done to appellant's truck, is not only impeaching in its terms but in our opinion is no part of the res gestae and therefore becomes hearsay. Such testimony is insufficient to support a cause of action. Rosenthal Dry Goods Co. v. Hillebrandt, Tex.Civ.App., 280 S.W. 882, writ dis.; St. Louis Southwestern Ry. Co. of Texas v. Gross, Tex.Civ.App., 268 S.W. 487; Foster v. Beckman, Tex.Civ.App., 85 S.W.2d 789, error ref.; Strickland Transportation Co. v. Atkins, Tex.Civ.App., 223 S.W.2d 675; 17 Tex.Jur., p. 520, sections 210 and 211.

Moreover, our search of the record reveals no testimony indicative of any negligence on the part of appellee other than the specific acts which were submitted to the jury in issues 1 through 15, inclusive, and found adverse to appellant. Be that as it may, the jury found that no employee, servant or agent of appellee threw a match in the paint filler.

Finding the trial court did not err in rendering judgment for appellee, the same is affirmed.