TEXAS & PACIFIC RAILWAY COMPANY ET AL. v. E. T. DAWSON.

Decided January 9, 1904.

**1.—Charge—Affirmative Presentment of Defense.**

Where, in an action for injury to cattle during shipment, defendant pleaded that the injury was due to the weak and impoverished condition of the cattle, and there was evidence tending to sustain such plea, it was error for the court to refuse defendant's request for a charge affirmatively presenting such defense, although it was submitted in a negative form in the charge given.

**2.—Damages—Cattle Shipment—Weak Condition—Charge.**

In an action for injury to cattle during shipment the court properly refused to charge that if their weak and impoverished condition "contributed to their death or injury" such damages so occasioned should be excluded. The defendant carrier having received the cattle for shipment, was bound to exercise ordinary care to transport them with reasonable dispatch, and was liable for negligence and unreasonable delay proximately resulting in injury, although the results were more disastrous than they would have been had the cattle been in good condition.

**3.—Evidence—Expert Opinion.**

Although a witness qualified himself to give an opinion as to the actual effect of an ordinary shipment upon cattle in the condition of those in question, this did not render his individual experience admissible as original evidence.

Appeal from the District Court of Ector. Tried below before Hon. James L. Shepperd.

*Ed J. Hamner, H. D. McDonald,* and *L. F. Parker,* for appellant St. Louis & San Francisco Railway Company.

*J. M. Wagstaff,* for appellant Texas & Pacific Railway Company.

*A. S. Hawkins,* for appellee.

CONNER, CHIEF JUSTICE.—The judgment from which this appeal has been prosecuted is one in appellee's favor for the sum of $881.18, equally apportioned against the Texas & Pacific Railway Company and the St. Louis & San Francisco Railroad Company, as damages on a shipment of cattle from Odessa, Texas, via the Texas & Pacific Railway to Sherman, Texas, and thence via the St. Louis & San Francisco Railroad to Latham, Kan., their final destination.

The actionable negligence, as alleged, consisted of unreasonable delays and rough treatment in transportation that were denied by the appellant companies, which also specially pleaded to the effect that the proximate cause of the loss and injury to appellee's cattle was due to their weak and impoverished condition. The principal error assigned is to the action of the court in refusing to give, as requested by appellants, special charge number 5, presenting the special defense mentioned. We have concluded that said special charge is substantially correct and should, under the circumstances, have been given.

Appellee's evidence was to the effect that the cattle were in fair

condition for shipment, but there was also evidence tending to a contrary conclusion. To illustrate: Appellee testified, among other things, that there had been but little if any rain on the cattle range during the winter of 1901 and spring of 1902 up to the date of the shipment; that generally the grass was poor; that he gathered the cattle in question and was four days driving the fifty miles to the railway station, and that the "shipment consisted of old, thin, weak cows, and were the cullings of the herd, which I wanted to fatten and sell." The station agent at Odessa testified: "I remember the shipment of stock in question; I was present when they were loaded; they were mostly cows, and they were very poor and weak; they were so weak they could hardly go up into the cars, and some of them fell down when they brought them up to the chute; I don't think I ever saw any other cattle shipped from Odessa which were as poor and thin as these."

The court's charge submitted the issue thus raised by the special answer and the evidence in negative form only. That is, the jury were instructed, in substance, that if they should find the damage shown was due to unreasonable and negligent delays, they should find for appellee. In general terms this, by implication, excluded a finding in appellant's favor in event the damage proximately resulted from the condition of the cattle and not from the delays, but we think it was a right appellants had to have the issue affirmatively presented, when so requested. See Railway Co. v. Stribling, 34 S. W. Rep., 1003; Harris v. Harwell, 6 Texas Ct. Rep., 518; Railway Co. v. Carter, 95 Texas, 461, 4 Texas Ct. Rep., 927; Railway Co. v. Washington, 94 Texas, 510.

Appellants also apparently sought in their special charge number 4, which was rejected, to have the jury instructed to the effect that in the assessment of damages they should exclude all or any part thereof that would have resulted from the condition of the cattle in case the shipment had been with reasonable dispatch. But this charge we think was properly rejected. It was to the effect that, if the condition of the cattle "contributed to their death or injury," such damages so occasioned should be excluded. Whatever the condition of the cattle, appellants, having received them therefor, was in duty bound to exercise ordinary care and to transport them with reasonable dispatch, and if guilty of negligence or of unreasonable delay which proximately resulted in injury, they are liable, although the results may have been more disastrous than would have been had the cattle been in good condition. Such is the rule applied in the transportation of passengers, and we know of no reason why it should be otherwise in cases of shipment of live stock. See Railway Co. v. Ferguson, 64 S. W. Rep., 797, and Railway Co. v. Williams, not yet reported, and authorities cited.

The question presented in the first assignment is not likely to arise on another trial, and the court seems to have properly excluded the testimony of George Sherrer as shown in the bill of exceptions relied upon

in the second assignment. While this witness undoubtedly qualified himself to give an opinion as to the actual effect of an ordinary shipment upon cattle in the condition of those in question, we are not prepared to hold that his individual experience was admissible as original evidence.

We find no error in other respects, but for that discussed the judgment will be reversed and the cause remanded.

*Reversed and remanded.*