Texas & Pacific Railway Company v. T. J. Edins.

Decided October 22, 1904.

**1.—Carriers of Freight—Live Stock Shipment—Overloading.** .

A contract between a carrier and a shipper of horses by which the latter assumes the duty of loading the stock into the cars and waives any claim for injury to the horses from overloading is not invalid because limiting the liability of the carrier.

**2.—Same—Contributory Negligence.**

Where it is the fault of the shipper, in whole or in part, that too many horses are crowded into a car, he can not recover for injury resulting therefrom, irrespective of whether or not he had by contract assumed the duty of loading.

Appeal from the County Court of Taylor. Tried below before Hon. D. G. Hill.

*T. J. Freeman* and *J. M. Wagstaff,* for appellant.

*Hardwicke & Hardwicke,* for appellee.

STEPHENS, Associate Justice.—Appellee charged appellant with negligence in carrying 154 horses from Pecos to Abilene, Texas, alleging the sudden starting and stopping and violent jerking and jarring of the cars as the principal cause of injury to the horses, on account of which he recovered a verdict and judgment for $500. Appellant ascribed the injury to overloading, and denied liability as follows: "Further answering herein this defendant says that the stock in question were shipped on written contracts, in which contracts it was specially agreed between the parties that the defendant would not be liable for any damage arising from the overloading of the cars in which the cattle were shipped, or from any injury by reason of the stock being wild and unruly and by reason of the stock injuring themselves while in transit, and the plaintiff specially undertook to care for the stock while they were in transit and to see that they were properly loaded and properly handled and cared for while they were being transported from Pecos to Abilene, Texas; and in this connection the defendant says that the stock were overloaded and too many were put in the cars and by reason thereof the plaintiff's stock were damaged and injured, and the defendant is not responsible therefor, but the plaintiff assumed and agreed to hold defendant harmless by reason of any such damage, and the plaintiff ought not to recover against the defendant a damage caused by reason of the overloading of said cars."

The court not only refused a requested charge to the effect that appellant would not be liable if appellee had directed the loading of the horses and the number to be put in a car and if the cars had been overloaded and the horses injured in consequences thereof, but gave the following charge: "You are instructed that the defendant can not defend herein by reason of the contract plead by it, to the effect that plaintiff

undertook to load said stock, for under the law of Texas such a contract is invalid, and it is the duty of the railroad to properly load live stock, and such duty can not be shifted by contract to the plaintiff."

Conceding it to have been the duty of appellant to load the horses and that it could not have imposed this duty on appellee nor stipulated against its liability for overloading them, we yet can not accept the view, seemingly entertained by the trial court, that appellee could not, by contract or otherwise, have assumed this duty. In prohibiting a common carrier from restricting or limiting its liability the Legslature could hardly have intended to deprive the owner of live stock tendered for transportation of the valuable privilege of determining how many he would put in a car. At all events, where it is his fault, in whole or in part, that too many are crowded into one car, he would not be entitled to recover for injuries so produced, contract or no contract. See Texas C. Ry. Co. v. O'Laughlin, 72 S. W. Rep., 610. It is insisted, however, that the plea above quoted did not allege that appellee undertook to load, and overloaded the horses, but this construction seems to us too narrow. It undoubtedly charges that by contract at least appellee "specially undertook * * * to see that they were properly loaded," and further charges that they were overloaded. Appellee did not except to the plea and made no attack on the written contract so pleaded, as for instance that it had been executed under circumstances of duress or without consideration. Indeed, he did not reply to it at all.

It is further contended that the evidence showed that appellant alone was to blame for overloading the cars, but we think it was not such as to warrant the court in taking that issue from the jury.

*Reversed and remanded.*