KANSAS CITY, M. & O. RY. CO. OF TEXAS v. BECKHAM.  (No. 7897.)

(Court of Civil Appeals of Texas. Ft. Worth. April 4, 1914. Rehearing Denied May 9, 1914.)

1. CARRIERS (§ 211*) — LIABILITY FOR INJURIES TO LIVE STOCK—DEFENSES.

Where a carrier's negligence in failing to furnish a shipper of mules proper facilities and an opportunity to feed and water them proximately contributed in causing injury to the mules, it was not relieved of liability by the

fact that the shipper's act, in failing to restrain the mules, when subsequently watering them, was the immediate cause of the injury, unless such failure on the part of the shipper was negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 926–928; Dec. Dig. § 211.*]

2. CARRIERS (§ 211*)—LIABILITY FOR INJURIES TO LIVE STOCK—PROXIMATE CAUSE.

Where a carrier failed to furnish a shipper of mules proper facilities and an opportunity to feed and water them, as a result of which they were unloaded in a famished condition and sustained injuries when watered by the shipper without restraint, the jury were justified in finding that the carrier's negligence was the proximate cause of the injuries, since, while it could not be required to anticipate the shipper's negligence in the manner in which he watered the mules, it might well have anticipated that the mules would be in a famished condition and that the shipper would attempt to relieve their distress by watering them.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 926–928; Dec. Dig. § 211.*]

3. CARRIERS (§ 228*)—ACTIONS FOR INJURIES TO LIVE STOCK—SUFFICIENCY OF EVIDENCE.

In an action for injuries to a shipment of mules, evidence *held* to support the jury's conclusion that the shipper was not negligent in the manner in which he watered the mules when unloaded in a famished condition, due to the carrier's failure to furnish proper facilities and an opportunity to feed and water them.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

Appeal from Nolan County Court; Jno. F. Cochran, Jr., Judge.

Action by C. T. Beckham against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 152 S. W. 228.

H. S. Garrett, of San Angelo, for plaintiff in error. Beall & Spencer, of Sweetwater, for defendant in error.

CONNER, C. J. Defendant in error recovered a judgment for $190 as damages to a car of young mules transported by plaintiff in error between points named in the plaintiff's petition. The evidence warrants the conclusion that the mules were negligently delayed and confined in the cars about 44 hours without feed or water, and then unloaded in a famished condition. By the contract of shipment the plaintiff agreed to feed and water his stock, but there is evidence tending to show that proper facilities and opportunity to do so had not been afforded by defendant. When unloaded, as above stated, the plaintiff watered his mules without restraint in quantity, as a result of which the damage in controversy was caused.

Plaintiff in error's main contentions are that defendant in error's own contributory negligence in not separating or otherwise restraining his mules from drinking too much proximately caused the damage in question, and further that the undisputed fact that the damage resulted from plaintiff's act precludes a recovery for him, regardless of the issue of his contributory negligence.

The case of Hart v. Chicago & N. W. Ry. Co., by the Supreme Court of Iowa, and reported in 69 Iowa, 485, 29 N. W. 597, is cited in support of the latter contention. In that case a caretaker sent by the plaintiff went into a car containing live stock and other property in course of transportation with a lighted lantern. In some way not attributed to the railway company, the lantern was overturned and set fire to combustible material with which the car was bedded and injured the plaintiff's property. It was held that the railway company was not liable, regardless of whether the caretaker's act in causing the fire amounted to negligence. Of similar import are the cases of T. & P. Ry. Co. v. Edins, 36 Tex. Civ. App. 83 S. W. 253, and Tex. Cen. R. R. Co. v. O'Laughlin, 72 S. W. 610, both by this court. But it will be found, by an examination of all the cases cited, that the act relied upon as the proximate cause of the injury was either induced by the plaintiff under circumstances sufficient to constitute an estoppel, or was performed by him without any concurring fault on the part of the railway company. In such cases there is evidently good reason for denying a recovery against the carrier notwithstanding its general liability under the common law.

[1] We conclude, however, that the carrier is not to be excused in cases where its negligence proximately contributes in causing injury merely because an act of the plaintiff was the immediate cause. In such case the evidence must further show that the causal act of the plaintiff was negligent. Otherwise the case is only one of frequent occurrence, where the negligence of the carrier concurs with some other act for which it is not liable. See G., C. & S. F. Ry. Co. v. Boyce, 39 Tex. Civ. App. 195, 87 S. W. 395, and cases therein cited.

[2, 3] The vital questions in the case before us, therefore, are: First, was the plaintiff guilty of contributory negligence in watering his mules as he did? If not, was the negligence of the carrier a proximate cause of the injury resulting? Under appropriate instructions, both issues were submitted to the jury, which determined both in defendant in error's favor, and we feel unable to say that the verdict is wrong. While plaintiff in error cannot be held to have anticipated negligence on defendant in error's part in the manner in which he watered his mules, it may well be held to have anticipated that, as a result of the long delay and confinement, the mules would be in a famished condition, and that defendant in error would attempt to relieve their distress by watering them. If injury followed as a natural sequence, unaffected by any contribu-

tory negligence on defendant in error's part, then the original negligence on the part of plaintiff in error which brought about or necessitated such watering must be held, we think, to be a proximate cause of the result. See T. & P. v. Corn, 110 S. W. 485; Bennett v. G., C. & S. F. Ry. Co., 159 S. W. 132; F. W. Belt Ry. Co. v. Cabell, 161 S. W. 1083. At least it was well within the province of the jury to so determine, and, as stated, we feel unable to disturb the jury's conclusion. So, too, on the issue of contributory negligence we have been unable to say that, as a matter of law, the jury's verdict is erroneous. It is not pointed out in plaintiff in error's statement, under the assignment so asserting, that its pens were in such number or arrangement as that defendant in error could have separated his mules, or that plaintiff in error had furnished facilities which enabled defendant in error to water his mules in any other manner than that in which he did. He also testified that, while he was an experienced stockraiser, he did not know that the mules would be injured as they were in watering them as he did, and his evidence as a whole authorized the evident conclusion of the jury that, under all of the circumstances, he exercised ordinary care.

A number of other assignments of error have been urged, but they present nothing, we think, requiring special discussion. It will be sufficient to say that the charge as a whole fairly submitted the material issues of the case and that the court did not err in charges given or in refusing special charges requested, nor did he commit material error, we think, in his rulings upon the evidence.

We therefore conclude that the judgment must be affirmed.

Affirmed.