KANSAS CITY, M. & O. RY. CO. OF TEXAS
v. WEATHERBY.  (No. 846.)

(Court of Civil Appeals of Texas.  El Paso.
May 9, 1918.)

1. TRIAL ⊜⟶352(5)—SPECIAL ISSUES.
   A special issue should not contain several distinct matters.

2. APPEAL AND ERROR ⊜⟶882(14) — INVITED ERROR.
   Submitting a special issue containing several distinct matters, being at request of appellant, is not ground for reversal.

3. CARRIERS ⊜⟶216—LIVE STOCK SHIPMENT—PROPER CARS.
   While recovery cannot be had of carrier for injuries to sheep in transportation which were the proximate result of the weakened condition in which they were tendered for carriage, yet the carrier, having received them in that condition for shipment, was bound to exercise ordinary care in furnishing proper cars, including proper bedding, for their transportation; and if guilty of negligence in that respect, which proximately resulted in injury to them, is liable for the consequent damages.

4. EVIDENCE ⊜⟶472(4) — OPINION — PROPER BEDDING OF CARS.
   Qualified witnesses may, in action against carrier for injury to shipment of sheep from negligent bedding of cars, testify they were properly bedded; this not being an invasion of province of jury.

5. CARRIERS ⊜⟶223—LIVE STOCK SHIPMENT—IMPROPER BEDDING—ESTOPPEL.
   That a shipper of live stock, being present and fully aware of the extent and condition of the bedding then in the cars, accepted them as bedded, and so is estopped to claim improper bedding as cause of injury, is proper matter of defense.

6. TRIAL ⊜⟶203(3) — INSTRUCTIONS—SUBMISSION OF DEFENSE.
   Defendant is entitled to have affirmatively submitted a proper matter of defense raised by the pleadings and evidence.

Error from Tom Green County Court; Oscar Frink, Judge.

Action by Bob Weatherby against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

H. S. Garrett and C. E. Mays, Jr., both of San Angelo, for plaintiff in error. Blanks, Collins & Jackson, of San Angelo, for defendant in error.

HARPER, C. J.  Weatherby brought this suit against the defendant railway company for damages to a shipment of sheep, occasioned, he alleged (the only ground of negligence submitted), by reason of improper and insufficient bedding of the cars furnished. The answer is general denial; that the cars were properly bedded, and the sheep transported without unreasonable delay or rough handling; that the sheep were not physically fit for shipment on account of bad weather, insufficient feed, were diseased, and had been recently dipped, etc.; that by reason of having received the carload rating plaintiff assumed the responsibility of improper or over loading; that plaintiff did undertake to load the sheep, and that they were crowded and jammed, etc., into the cars; that if the cars were insufficiently bedded, plaintiff was present, examined the bedding, and expressed himself satisfied, is therefore estopped, etc.  The cause was submitted to jury upon special issues and upon their verdict judgment was rendered for $550, from which this appeal.

Assignments 1 to 5, inclusive, urge that the judgment should have been for defendant upon the answers to special issues. The following are the special issues submitted, and the answers of the jury thereto:

No. 1. Was it necessary, in the exercise of ordinary care for the reasonably safe transportation of the plaintiff's sheep, to bed the cars in which said sheep were shipped?  Yes.

No. 2. Did the defendant, its servants, or employés sufficiently and in a reasonably proper manner bed the cars in which plaintiff's sheep were shipped?  No.

No. 3. If you answer special issue No. 2 in the negative, then was such failure, if any, to sufficiently and in a reasonably proper manner bed said cars negligence on the part of defendant?  Yes.

No. 4. Were any of plaintiff's sheep killed or injured as the direct and proximate result of such negligence, if any, on the part of defendant, its servants, or employés?  Yes.

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

No. 5. If you answer special issue No. 4 in the affirmative, then what amount, if any, has plaintiff been damaged in this cause, if damaged? And in this connection you are referred to the rule for measuring damages, if any, in this cause hereinafter given you. We, the jury, find the plaintiff damaged to the amount of 100 head of sheep at market value at San Angelo, on December 4, 1916; this being $5.50 per head.

No. 6. Did the plaintiff exercise ordinary care to attend to and look after said sheep while same were being transported from Big Lake to San Angelo? No.

No. 7. If you answer special issue No. 6 in the negative, then was such failure, if any, the proximate cause of the injury, if any, to plaintiff's sheep? Partly so.

Special Issue No. H. Had the defendant railroad company at and prior to the shipment in question exercised reasonable care to provide reasonably adequate and sufficient pens at Big Lake for such shipments of live stock as might have been reasonably expected to have been shipped from that point? Ans. Yes.

Special Issue No. N. (1) Did the plaintiff negligently overload the sheep or cause or permit this to be done? Ans. No. (2) If so, did this cause or contribute to plaintiff's damages, if any? Ans. No.

Special Issue No. C. (1) Did the plaintiff, in tendering said sheep for transportation at the time when same were tendered and in the condition in which they were in, do that which an ordinarily prudent person would have done under like or similar circumstances? (2) If not, then was said act the direct and proximate cause of the injuries, if any, which plaintiff's sheep sustained? Answer 1: Yes. Answer 2: No.

Special Issue No. F. Was there any more injury to the sheep than that which, if any, naturally resulted to the sheep, considering their kind, character, and condition, as a result of confining them in freight cars as they were and transporting them the distance these were shipped with the usual and ordinary stops, bumping, and jarring incident to the movement of a freight train when handled with ordinary care? Ans. Yes.

Special Issue No. P. (1) Did the plaintiff, in placing said sheep in the pens at Big Lake on the night of December 2, 1914, and holding them therein until the next day, do that which a reasonably prudent person, in the exercise of ordinary care, would have done under like or similar circumstances? Ans. No. In determining your answer to the above question, you are instructed that in the handling of the sheep plaintiff was bound to exercise ordinary care therefor, and if you find and believe from the evidence submitted to you in this case that a reasonably prudent person would not, in the exercise of ordinary care under the circumstances, have placed said sheep in the pens on the night of December 2, 1914, and have held them there until the next day, then and in that event you must answer said question "No." If you answer the above question in the negative, then say: (2) Did this contribute to plaintiff's damages, if any? Ans. In part only.

Special Issue No. K. If you should find that plaintiff's sheep were injured, as alleged by him, then were such injuries, if any, the proximate result of any one or more of the following causes: (1) The dipping of the sheep by plaintiff prior to shipment; (2) the condition of the sheep at the time they were accepted for transportation at Big Lake; (3) the condition of the weather at and just prior to the time of shipment; (4) the placing and holding of the sheep in the pens at Big Lake on the night of December 2, 1914; (5) the failure of the plaintiff to feed the sheep while at Big Lake awaiting transportation, if he did fail; (6) the overloading of the sheep, if you find from the evidence that the same were overloaded. Ans. The third, fourth, and fifth were partly the cause of the damage.

Upon the proposition that the jury found plaintiff guilty of contributory negligence in answer to the sixth and seventh issues, appellant insists that plaintiff is not entitled to recover anything. The effect of the answers to 6 and 7 is that plaintiff did not properly care for the sheep during the haul from Big Lake to San Angelo, and that this was negligence, and they find that such negligence "partly" contributed to his damages. And by special issue K the jury have found that three other things contributed to plaintiff's damages.

[1, 2] The latter question contains six distinct matters, and for that reason should not have been given (Telephone Co. v. Andrews, 169 S. W. 218), and since it was requested by appellant, we would not consider it reversible error of itself, nor do we think it properly a finding of contributory negligence upon the part of plaintiff, but it serves to increase the doubt as to whether the jury in estimating plaintiff's damages confined themselves to the damages occasioned by the negligence of defendant company which was the direct and proximate cause of the injuries to the sheep.

[3] Of course, if all the injuries to the sheep were the proximate result of any one or all of the matters enumerated in special issue K, then plaintiff should not recover; but if by dipping, or the weather, or holding in unfit pens, or the failure to feed, or by all combined, the sheep were caused to be in a weakened condition, the appellant having received them for shipment, it was in duty bound to exercise ordinary care in furnishing proper cars. This includes cars properly bedded for their transportation, and if guilty of negligence in this respect which proximately resulted in injury, it is liable for the consequent damages. Texas Pacific Ry. Co. v. Dawson, 34 Tex. Civ. App. 240, 78 S. W. 235.

[4] It was error to exclude the testimony of witness who showed himself sufficiently experienced to express an opinion as to whether or not the cars in question were properly bedded. This is the question upon which defendant's negligence rests as the case was submitted by the trial court, and if plaintiff's witnesses may testify that the cars were not sufficiently or improperly bedded, then any witness shown to have had sufficient experience should be permitted to testify that they were properly bedded, and we do not think this comes within the rule excluding opinion testimony because it invades the province of the jury. Texas and Pacific Ry. Co. v. Timberlake, 192 S. W. 356.

[5, 6] By another assignment it is urged that under the facts and pleadings the court erred in refusing a special charge requested to the effect that the plaintiff, being present and being fully aware of the extent and con-

dition of the bedding then in the car, accepted them as bedded, therefore he is estopped from setting up improper or insufficient bedding as cause of injuries. This was error, for this has been expressly held to be a matter of defense, and if the pleadings and evidence raise it the defendant is entitled to have it affirmatively submitted. T. C. Ry. Co. v. O'Laughlin, 72 S. W. 610; T. & P. Ry. Co. v. Edins, 36 Tex. Civ. App. 639, 83 S. W. 253.

For the errors enumerated, the cause is reversed and remanded for a new trial.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.