PANHANDLE & S. F. RY. CO. v. SANDERSON et al.   (No. 1031.)

(Court of Civil Appeals of Texas. El Paso. Jan. 8, 1920.   Rehearing Denied Feb. 5, 1920.)

1. CARRIERS ⊜⇒227(1)—ALLEGATIONS OF NEGLIGENCE IN CATTLE SHIPMENT HELD SUFFICIENT.

In shipper's action against railroad for damage to cattle, shipper's allegations that the railroad was negligent by reason of delays on sidings and switches, rough handling, and sudden stop of train because of collision, or near collision, with motorcar or section hand car, resulting in damage to cattle, held sufficient, as against objection that allegations were too general and did not specify in what the alleged negligence consisted.

2. CARRIERS ⊜⇒230(1)—REFUSAL TO SUBMIT DEFENSE OF OVERLOADING SUSTAINED BY EVIDENCE IN ACTION FOR DAMAGE TO STOCK ERROR.

Refusal to submit question of whether plaintiff overloaded cattle, where there was evidence thereto, held error.

3. CARRIERS ⊜⇒230(10) — REFUSAL OF INSTRUCTION IN ACTION FOR DAMAGE TO CATTLE ERROR.

Where carrier had taken charge of cattle under contract stipulating that it would not be responsible for overloading, refusal to instruct jury not to consider damages caused by overloading of cattle held error.

4. CARRIERS ⊜⇒230(12)—REFUSAL TO SUBMIT DEFENSE OF FAILURE TO REDUCE LOSS TO CATTLE SHIPPED PROPER, IN ABSENCE OF EVIDENCE.

Refusal to submit defense that shipper failed to unload cattle after sudden stop in an effort to diminish or mitigate the damages was not error, where there was no definite evidence that to have so unloaded the cattle would have resulted in any material benefit to them, nor that any definite injury which could be measured by delays properly resulted by failure to so unload.

5. CARRIERS ⊜⇒216—LIABILITY OF CARRIER OF CATTLE IN POOR CONDITION STATED.

Though shipper of cattle cannot recover from carrier for injuries which were the proximate result of weakness at time cattle were tendered for carriage, carrier, having received cattle, is bound to exercise ordinary care, and to transport them with reasonable dispatch, and upon breach of such duty is liable for injuries proximately resulting therefrom, though results were more disastrous than if cattle had been in good condition.

6. EVIDENCE ⊜⇒158(26)—CONTENTS OF OFFICIAL RAILWAY EQUIPMENT REGISTER NOT BEST EVIDENCE AS TO CAPACITY OF CARS.

In shipper's action for damage to live stock, testimony as to contents of official Railway Equipment Register was not admissible to prove capacity of cars, over objection that it was not best evidence.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7. EVIDENCE ⬥529—EXPERT TESTIMONY AS TO EFFECT ON CATTLE OF TRANSPORTATION FOR LONG DISTANCE ADMISSIBLE.

In action for damage to live stock shipment, testimony of witnesses who were shown to have had experience in shipping cattle as to effect on cattle of long distance transportation *held* admissible.

8. APPEAL AND ERROR ⬥970(2) — EVIDENCE ⬥470 — ADMISSION OF OPINION EVIDENCE WITHIN DISCRETION OF COURT.

Opinion testimony of qualified witnesses on questions of fact is admissible, but opinions partaking of the nature both of fact and law are not admissible, and admission or exclusion of such opinions is for the trial court in the exercise of discretion, not reviewable unless abused.

Appeal from District Court, Pecos County; Jas. Cornell, Judge.

Suit by T. P. Sanderson and another against the Panhandle & Santa Fé Railway Company and another. From judgment for plaintiffs against named defendant, the latter appeals. Reversed and remanded.

Ellis Douthit and C. E. Mays, Jr., both of Sweetwater, for appellant.

McKenzie & Loose, of El Paso, Blanks, Collins & Jackson and H. S. Garrett, all of San Angelo, and W. A. Hadden and Williams & Smith, both of Ft. Stockton, for appellees.

HARPER, C. J. T. P. Sanderson and son brought this suit against the Kansas City, Mexico & Orient Railway Company of Texas and the Panhandle & Santa Fé Railway Company for damages to a shipment of cattle from Ft. Stockton, Tex., to Littlefield, Tex., via Sweetwater.

The allegations of negligence are: First, delays on sidings and switches; second, rough handling; third, sudden stop because of collision, or near collision, with motorcar or section hand car, resulting in damages to the cattle.

Appellant answered said allegations by general demurrer, special exceptions to the effect that plaintiffs' allegations were too general and did not specify in what the said alleged negligence consisted, a general denial, and specially pleaded that at and prior to the time of shipment the section of the country from which the cattle were shipped was suffering from a most severe and unprecedented drought, and that the grass therein had been insufficient to maintain said cattle, and that same were in a weak, starved, and impoverished condition, and were too thin and poor to stand the trip in question, and that such condition was the proximate cause of the damage; a general plea of contributory negligence on the part of appellees and their caretakers; that inherent vices and weakness of said cattle and their natural disposition to hook, horn, and gore each other was the proximate cause of the damage; that appellees overloaded the cars, proximately causing and contributing to cause the loss and injury; that in view of the poor and weak condition of the cattle, appellees were guilty of negligence in not having said shipment unloaded for feed, water, and rest at some point en route the carriers having adequate facilities therefor at San Angelo, Tex., Sweetwater, Tex., and Slaton, Tex., and that such negligence proximately caused and proximately contributed to the loss and injury, if any, sustained by appellees that the stop or alleged near collision set up by appellees was not sudden and abrupt, and was of no more force and violence than the usual and ordinary stop made by a freight train in the usual customary course of business, and did not injure or damage said cattle; that if the cattle were injured by the alleged stop, it was duty of appellees and their caretakers to unload said cattle at Slaton and take the dead ones, if any, out of the cars, and to get up the ones which were down, if any, and to alleviate and diminish the loss and damage, and same constituted negligence; that the alleged stop was not due to any negligence, but' was an unavoidable accident; that said live stock were transported under a special written contract, placing the duty of loading, unloading, and caring for said cattle while en route on appellees, and that appellant would not be liable for any damages resulting from the weakened condition of the cattle.

The trial resulted in a verdict for appellees, on special issues and judgment against appellant, for the sum of $1,375, and interest, and in favor of the Kansas City, Mexico & Orient Railway Company of Texas.

[1] Answering the assignments in the order which we consider most logical, 21 and 22 are overruled. The pleadings were sufficient to meet the exception that the allegations were too general and did not specify in what the alleged negligence consisted.

[2] The first and second complain of the refusal of the court to submit the question, "Did the plaintiff overload said cattle?" with accompanied explanatory charges approximately correct in form and substance, submitting affirmatively this defense pleaded. The evidence is sufficient to warrant the submission of this charge, and it was error for the court to refuse it.

[3] The third and fourth are that it was error to refuse charge not to take into consideration any damages caused by overloading of the cattle. The record discloses that the appellant took charge of the cattle at Sweetwater, under a new contract, which contained a paragraph that it would not be responsible for overloading. This was error also. Massey v. T. & P. Ry. Co., 200 S. W. 409. The cattle having been loaded by the plaintiff upon another line, and the evidence clearly

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

having raised the issue, the court should have given the affirmative defensive charge.

The fifth, sixth, seventh, and eighth are to the effect that the court erred in refusing to submit the defense pleaded, viz. the failure of plaintiff to unload the cattle at Slaton after the near collision and sudden stop in an effort to diminish or mitigate the damages.

[4] In this there was no error. There is evidence to indicate that such a course would have been proper, but there is no definite evidence that to have so unloaded the cattle would have resulted in any material benefit to them, nor is there any evidence that any definite injury which could be measured in dollars probably resulted by failure to so unload, so in the absence of such proof there was no basis for a verdict. F. W. & D. C. Ry. Co. v. Daggett, 87 Tex. 322, 28 S. W. 525. This disposes of the eleventh and twelfth upon refusal of charge on duty to unload at Sweetwater.

[5] The ninth and tenth: Was it error for the court to refuse to submit the questions, "Were the cattle so poor and weak as to be unfit for shipment?" and, "Was such the proximate cause of the injuries?"

There is affirmative evidence in this record to the effect that there was no rough handling of this shipment of cattle, and also affirmative evidence that they were too poor for shipment, but we will not hold that it was reversible error to refuse to submit the issue in this instance; but, if upon another trial the evidence should be sufficient to raise the issue, the questions should be propounded for determination, having in view the holding "that a recovery cannot be had for injuries which were the proximate result of weakness at the time they were tendered for carriage, yet the carrier, having received them, was in duty bound to exercise ordinary care, and to transport them with reasonable dispatch, and, if guilty of negligence or unreasonable delay which proximately resulted in injury, it is liable, though the results were more disastrous than if the cattle had been in good condition." T. & P. Ry. Co. v. Dawson, 34 Tex. Civ. App. 240, 78 S. W. 235; K. C. & M. Ry. Co. v. Weatherby, 203 S. W. 793.

No error in the thirteenth.

[6] As to the fourteenth, the testimony of witness as to contents of official Railway Equipment Register was not admissible to prove capacity of the cars, over the objection that it was not the best evidence.

The fifteenth, sixteenth, and seventeenth, and others, complain of exclusion of testimony of witnesses who were shown to have had experience in shipping cattle, such as, "That it was usual for cattle such as plaintiffs' were, shipped 400 miles, that some of them will have hair rubbed off by the jolting ordinarily incident to handling same on a freight train," and the opinion "that plaintiffs' cattle

were not rubbed up and bruised any more than cattle of that kind would ordinarily be," and "the cattle shipped fairly well considering their physical condition."

[7, 8] In this there was no error. Houston & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808. Where witnesses qualified by experience offer opinions in evidence upon purely questions of fact, such testimony is admissible, but where the opinion offered partakes of nature both of fact and law, such are not admissible, and its admission or exclusion is for the trial court in the exercise of his discretion, and will not be reviewed, unless clearly abused. T. & P. Ry. Co. v. Warner, 42 Tex. Civ. App. 280, 93 S. W. 489.

For the reasons given, the case is reversed and remanded.