## CROOM v. GALVESTON, H. & S. A. RY. CO.
### (No. 1271.)

(Court of Civil Appeals of Texas. El Paso. Feb. 16, 1922. Rehearing Denied March 9, 1922.)

1. **Appeal and error** ⊜➡1068(1)—**Where general verdict was on theory of absence of negligence, instruction on values of shipment harmless.**

In an action for damages to a shipment of sheep for alleged mishandling by a railroad, a charge that "unless you find from a preponderance of evidence that the sheep would have a market value at destination had they been shipped with ordinary care and dispatch, you will find for defendant," while in effect a peremptory instruction for defendant in the event the jury found the sheep had no market value, was not reversible error, because the general verdict was not based on values, but on the theory that there was no negligence.

2. **Carriers** ⊜➡230(9)—**In a suit for damage to sheep, held requested instruction on duty to care for shipment of weak and poor sheep should have been given.**

Where, in an action for damage growing out of a shipment of sheep alleged mishandled, an instruction that, if the jury found that the sheep were weak and poor when shipped, and that their death en route and condition at destination was due to those causes, and not to negligence of the railroad, to find for defendant, was given, a requested instruction that, even if the sheep were weak and poor, it was nevertheless the duty of the carrier to use ordinary care to transport them, and to return a verdict for plaintiff if the evidence showed failure to use such care, and injury as a proximate result, should have been given, especially in view of opinion evidence as to the condition of the sheep being due to lack of care prior to time of shipment from witnesses living at the point of delivery, who had not seen the sheep before that time, and knew nothing as to how they were handled.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by S. G. Croom, administrator of the estate of C. P. Pitman, deceased, against Galveston, Harrisburg & San Antonio Railway Company. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Dyer, Croom & Jones, of El Paso, for appellant.

Beall, Kemp & Nagle, of El Paso, for appellee.

HARPER, C. J. Appellant, as administrator of the estate of C. P. Pitman, deceased, sued the appellee for damages growing out of the shipment of sheep from El Paso, Tex., to Ravendale, Cal., during the month of October, 1917. It was alleged that C. P. Pitman, about the 8th day of October, 1917, delivered to the appellee for transportation over its lines and the lines of its connecting carriers from El Paso to Ravendale, Cal., 2,080 ewes, at which time, as required by the acts of Congress, appellee issued a through bill of lading to said Pitman, the latter being the legal holder of the same, and by virtue of said bill of lading and the acts of Congress, the shipment being an interstate one, and the appellee being the initial carrier, it became bound and liable for any loss, damage, or injury by appellee or any of its connecting lines between El Paso and the point of destination; that the appellee and its connecting carriers did not transport said sheep with reasonable diligence or with ordinary care, but, on the contrary, carelessly and negligently transported said sheep, in that it bumped, switched, and roughly pulled same around in such manner that said sheep were badly crippled, bruised, and scarred, and as a result thereof many of them died. Appellant alleged in detail the rough and negligent manner in which said sheep were handled between the many divisions of the railroad between El Paso and Ravendale, and by reason of said negligence that 65 head of sheep were killed, or died, in transit, and were never delivered to said Pitman; that 674 head died soon after they were unloaded at the point of destination, and of the 1,409 head of sheep that remained and were delivered to said Pitman all were badly bruised, crippled, cut, scarred, and drawn. Plaintiff asked judgment for his damages in the sum of $36,326.

The appellee answered by general demurrer and general denial, and specially answered that, if the stock suffered any damage of any character in transportation, it was not through the negligence or fault of the defendant or its connecting carriers, but was due to their own inherent weaknesses and bad condition, and due to the acts and default of the shipper, and to causes for which the defendant was not liable under the terms of its said contract.

The case was submitted to a jury by general charge, and verdict rendered in favor of defendant, and judgment accordingly, from which an appeal has been perfected.

The court charged the jury as follows as pertinent to the questions presented by appellants:

"(1) It is the duty of the defendant and its connecting carriers to use ordinary care to transport the sheep described by plaintiff with ordinary care and dispatch, and a failure to do

⊜➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

so would be negligence. Now, if you find from a preponderance of the evidence that the sheep described by plaintiff were unduly delayed in transit, or were jerked and jarred in transit, and injured thereby, and you further find that the undue delay or rough handling, if any, was due to the negligence of the defendant or its connecting carriers, then you will find for the plaintiff, unless you find for the defendant under some other paragraph of this charge or other charge given you.

"(2) Unless you find from a preponderance of the evidence that the sheep described by plaintiff were unduly delayed in transit or were roughly handled, you will find for the defendant.

"(3) Or, unless you find that the sheep were injured by the negligence, if any, of the defendant or its connecting carriers, you will find for the defendant.

"(4) If you find that the sheep were weak or poor on account of coming from a droughty or dry country, or for other causes, and that the death of the sheep en route, and the condition of the sheep on arrival at Ravendale were due to that cause or causes, if any, and not to the negligence, if any, of the defendant or its connecting carriers, you will find for the defendant.

"(5) If you find that the damage or injury to the sheep, if any, was caused by ordinary incidents to a trip of the distance they were shipped, and not by the negligence of the defendant or its connecting carriers, you will find for the defendant.

"(6) Unless you find from a preponderance of the evidence that the sheep would have had a market value at destination, had they been shipped with ordinary care and dispatch, you will find for the defendant.

"(7) If you find for the plaintiff and find that he is entitled to recover, under the charges given you, for the damages to the sheep arriving at destination, then you will allow him the difference, if any, between the market value of the sheep that arrive at destination in the condition they would have arrived after such trip, had they been shipped with ordinary care and dispatch, and the actual or market value of those that arrived in the condition they did arrive. As to the sheep that died en route and were not carried to destination, if you find that plaintiff is entitled to recover for these, you will allow him the market value they would have had had they been shipped with ordinary care and dispatch."

[1] The first assignment and proposition asserts that the sixth paragraph of the charge constitutes reversible error because it limits plaintiff's right to recover to the finding by the jury that the sheep had a market value under the evidence had they been transported with ordinary care and dispatch, whilst there was pleading and proof that they had an actual or intrinsic value at the point of destination. Therefore its effect was a peremptory instruction in defendant's favor in the event they found the sheep had no market value. Under the evidence this charge, if error, should not reverse the case: First, because it tracks the testimony, in that there is none as to what their intrinsic value would have been had they been transported without negligence, but all of the testimony is to market value in such case; and, second, all the testimony is to the effect that the sheep would have had a market value had they arrived in good condition, so it seems evident that the general verdict for defendant was not based upon the question of values, but must have been upon the theory that there was no negligence.

In view of another trial, if the evidence is the same, we suggest that paragraph 6 of the charge should not have been submitted because the undisputed evidence is that the sheep would have had a market value had they been transported with proper care and dispatch. The evidence therefore did not raise the issue.

The thirteenth assignment that it was error to give paragraph 2 of the charge, because it is covered by paragraph 1, and therefore places an additional burden upon plaintiff, and because it (2) did not present the affirmative defense pleaded by defendant in answer to the issues made by plaintiff, but is in fact a presentation of the affirmative case made by plaintiff in a negative form; and the fourteenth charges that No. 3 is subject to the same criticism.

Paragraphs 2 and 3 are not covered by paragraph 1, for the latter defines the duty of defendant in transporting the sheep, and submits the issue, and 2 and 3 following tell the jury when or under what circumstances a verdict for the defendant should be rendered. In view of another trial, we suggest that 3 is an undue repetition of 2 and 5.

[2] Next, error is assigned to refusal of the trial court to submit the following special charge requested by plaintiff:

Eleventh Assignment: "At the request of plaintiff, you are charged, that, even though you should find from the evidence that the sheep, when delivered to the defendant at El Paso, were in a weakened or poor condition, it was nevertheless the duty of the defendant and the connecting carriers to use ordinary care to transport said sheep, and, if you believe and find by a preponderance of the evidence that either the defendant or any of the connecting carriers failed to use ordinary care in the handling or transportation of said sheep, and as a proximate result thereof said sheep sustained any injuries, you will return a verdict in favor of plaintiff for the amount of damages, if any, sustained by the plaintiff, because of said injuries, if any."

We think this charge should have been given in connection with charge No. 4 in order that the jury have before them the rule applicable to impoverished cattle which is stated in the requested charge. G. H. & S. A. Ry. Co. v. Buck (Tex. Civ. App.) 230 S. W. 891; Pa. & S. F. Ry. Co. v. Sanderson (Tex. Civ. App.) 218 S. W. 540.

The paragraph in the main charge without the special is a charge for the defendant upon the issue without giving the plaintiff the

full benefit of the part of the rule applicable to him; especially is this so in view of the following opinion evidence introduced in behalf of defendant over the objections of plaintiff:

Witnesses who lived at the point of delivery, and had not seen the sheep prior to delivery, and knew nothing of how they were handled in shipment, were asked the question:

"State whether or not, in your opinion, their condition was due to rough handling by the carriers in transporting them, or whether their condition was due to being unfed, poorly grazed, and famished for lack of food, good grass, and water?"

The answer is:

"I think the condition was caused by lack of feed and water before shipment; bad handling on the railroad couldn't cause short wool; short wool is caused by short feed."

Another witness testified to a similar question:

"I do not know whether they were roughly handled; they could not have been in very good condition when they left El Paso."

The latter opinions, where they are expressed by witnesses after enumerating the facts upon which they base their opinions, such as, short wool after six months' growth is caused by short feed, etc., are proper, but the former opinion, that the then condition of the sheep was caused by poor grazing, etc., prior to their shipment, where the witness knows nothing about the class of trip the sheep had, going 2,000 miles as these did, is to permit the witness to pass upon the very question to be decided by the jury under all the facts. Graves v. Campbell, 74 Tex. 576, 12 S. W. 238; T. & P. Ry. Co. v. Slator (Tex. Civ. App.) 102 S. W. 156; Pecos N. & T. Ry. Co. v. Bishop (Tex. Civ. App.) 154 S. W. 311.

The fourth assignment charges error in refusing special charge requested by plaintiff. Without quoting it, we think the matter was sufficiently covered by the main charge.

For the reasons assigned, the cause is reversed and remanded.