## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. ANDERSON & HILEMAN. (No. 3676.)

Court of Civil Appeals of Texas. Texarkana.
May 9, 1929.

E. B. Perkins, of Dallas, and Head, Dillard, Smith, Maxey & Head, and J. F. Holt, all of Sherman, for appellant.

J. P. Cox, of Sherman, for appellees.

LEVY, J. (after stating the case as above). ■■ The court submitted to the jury the following: "Q. 1. Was the defendant, its employees or agents, guilty of negligence? In answering this question you will take into consideration the matter of overloading the cars in question, if there was any; the manner in which they were handled in transporting them to the point of destination; whether the cars in which the cattle were shipped were properly bedded." That was the only question respecting negligence vel non that was submitted to the jury. Timely objection was made to the charge. Such general form of question was objectionable, in the circumstances of the case. Rosenthal v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882. The very error in the instruction to the jury was to authorize a finding of negligence on the part of the railway company simply "for the matter of overloading the cars." In the circumstances the jury could have understood by the instruction, and probably did, that the railway company would be liable upon the bare fact of "overloading the cars," and irrespective of any default in that respect of the railway company, although such overloading was done by the plaintiffs, or by others for them, in furtherance of their duty to load the cattle. Since the contract of shipment expressly imposed the duty upon the shipper of loading the cattle into the cars, the railway company would not be liable merely for the act of the shipper in "overloading the cars." Texas & P. Ry. Co. v.

474

Edins, 36 Tex. Civ. App. 639, 83 S. W. 253; Massey v. Ry. Co. (Tex. Civ. App.) 200 S. W. 409; 10 C. J. p. 105.

Failure of the railway company to provide a suitable car for the shipment, which is one of the alleged grounds of the suit, for the shipper to perform his duty of properly loading the cattle, is a distinct question and not included in the charge. Trout & Newberry v. Ry. Co. (Tex. Civ. App.) 111 S. W. 220.

The judgment is reversed, and the cause is remanded.