**TEXAS & N. O. R. CO. v. ROBINSON.**

**No. 7784.**

Court of Civil Appeals of Texas. Austin.

Feb. 1, 1933.

Rehearing Denied March 8, 1933.

Baker, Botts, Andrews & Wharton, of Houston, and Smith, Brownlee & Goldsmith, of Austin, for appellant.

O. W. Sandstrom, of Austin, for appellee.

BAUGH, Justice.

Suit was for damages to a shipment of five cars of stock cattle over the Texas & New Orleans Railroad from Marble Falls to Austin, Tex., thence over the Missouri Pacific to Kyle, Tex. Only the initial carrier was sued. From a judgment in favor of Robinson, based upon jury answers to special issues, the railroad company has appealed.

Appellee, no caretaker having accompanied the shipment, sought recovery in his first count under common-law liability of the carrier as an insurer, alleging that the cattle were delivered to it at Marble Falls in good condition, and delivered to the consignee at Kyle with several head dead and others injured; and in the alternative, on specific grounds of negligence alleged. The case was tried and submitted to the jury on the specific grounds of negligence asserted. The railroad company defended, in addition to denials of the acts of negligence alleged, on the grounds that the losses and injuries were due to the impoverished and weakened condition of the cattle, and to overloading same in the cars by appellee himself.

The jury found the appellant guilty of negligence in the following particulars: (1) Because of the length of time consumed in transporting said cattle from Marble Falls to Austin; (2) because of the length of time the cattle remained on the cars at Austin after arrival with knowledge by appellant of their distressed condition; (3) in the manner of switching the cattle at Austin before delivery of same to the Missouri Pacific Railway for carriage to Kyle; (4) that such negligent acts were proximate causes of the damages alleged.

The jury also found on the defenses pleaded that the plaintiff, Robinson, overloaded one of the cars shipped; and that such overloading was a direct and proximate cause of the damages to the cattle in that car.

Special issue No. 16 was: "What sum of money, if any, paid in hand to plaintiff at this time would justify and fairly compensate him for the damages, if any, sustained to said cattle?"

To which the jury answered, $463.43.

Nowhere in said charge was the jury instructed not to include in their findings the cattle killed and injured in the cars, which they might find that Robinson had overloaded. Appellant also objected to question 16 as submitted for the reason that it did not eliminate from the jury's consideration the damages due to appellee's action in overloading such cars.

Appellant's first contention is that by reason of these facts no judgment can be rendered upon the findings of the jury in answer to question 16, and that a new trial should have been granted. This contention must be sustained.

It appears that most, if not all, of the damages complained of occurred to the cattle in two cars, both of which were claimed by the railway company to have been overloaded by appellee. Car No. 62278 was found by the jury to have been so overloaded. In that car four yearlings were killed, one rendered worthless, and four others badly injured. The bill of lading bore the notation over appellee's signature, "overloaded at owner's risk." It is not controverted that appellee himself loaded the cattle on the cars at Marble Falls, and not the agents of appellant; and that the appellant's agents protested such overloading at the time. The damages claimed by appellee from this one car, according to appellee's testimony, amounted to approximately $250. His total claim was for $897.20. The jury allowed him a total damage of $463.43. In other words, of this total damage it is apparent that under the jury findings part was due to the negligence of appellant, and part to that of appellee. And it is likewise manifest that there is no way to determine what portion of the aggregate damage found was attributable to the negligence of the railway company and what part to that of appellee. Consequently the judgment cannot be sustained.

It is well settled that a shipper cannot recover for damages to his cattle resulting from his own acts in overloading the cars. Texas & P. R. Co. v. Edins, 36 Tex. Civ. App. 639, 83 S. W. 253; Massey v. Texas & P. R. Co. (Tex. Civ. App.) 200 S. W. 409; St. Louis S. W. R. Co. v. Anderson & Hileman (Tex. Civ. App.) 17 S.W.(2d) 473; 8 Tex. Jur. 502. The jury obviously found the total damage to the entire shipment, for all which appellant

was not liable. Nor is there any finding, conceding that appellant was negligent, from which it may be determined the amount of such resulting damages for which the railway company was liable. This requires a reversal of the case. Moore v. Moore, 67 Tex. 297, 3 S. W. 284; Gulf, C. & S. F. Ry. Co. v. Hathaway, 75 Tex. 557, 12 S. W. 999; Waco Cement Stone Works v. Smith (Tex. Civ. App.) 162 S. W. 1158.

■ Appellant also complains of the court's definition of proximate cause. The trial court defined it as "a direct and immediate cause, without which the injuries and damages to the cattle complained of would not have happened." Appellant objected to same because it did not include the added condition that such cause must be "unbroken by any efficient intervening cause," citing Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570, and Hulen v. Ives (Tex. Civ. App.) 281 S. W. 350. Such a definition is approved in the cases cited. While the definition given by the court would ordinarily be sufficient, if there be evidence of an independent or intervening agency between the negligence charged and the injuries sustained, which the jury might have found caused such injuries, the court should further qualify or extend such definition so as to cover it. In the instant case there was probably sufficient evidence to raise the issue of an intervening efficient cause, and the charge suggested can properly be given upon another trial.

■■ We must also sustain appellant's assignment relative to special issue No. 5, duly objected to before same was submitted to the jury. This issue read: "Was the defendant company guilty of negligence because of the length of time consumed by said train in coming from Marble Falls to Austin?"

Under the issues made both by the pleadings and the evidence, the time consumed in arriving at Austin was not in itself evidence of negligence on the part of appellant. The testimony showed that the cattle were loaded at Marble Falls at about 10:30 a. m., and arrived at Austin at about 7:25 p. m.; that appellee was informed by appellant's agents that five or six hours were usually sufficient to make such run. It also appears that the train in question was a local freight, did its own switching at stations en route, and had no fixed schedule. Under such circumstances negligence could not be predicated upon lapse of time alone. The test was whether an unnecessary or unreasonable length of time, in

the light of the circumstances, was consumed in making the trip. The jury found against appellee on his charge of rough handling of the cattle en route. There was a sharp issue drawn as to overloading by appellee of at least two cars, and the jury found that one of them was overloaded. The uncontradicted evidence of the conductor in charge was that six head of cattle were down in one car at Burnet, sixteen miles from Marble Falls, and about an hour and a half after they were loaded; that because the cattle were so crowded in that car it was necessary to unload part of them at Burnet before he could get the distressed cattle on their feet. Others in the overloaded car No. 62278 were down at Liberty Hill, and unsuccessful efforts made there to get them up. Obviously such delays, if due to appellee's fault, or to the condition of the cattle, though they increased the time used in transit and delayed their arrival at Austin, were not delays for which appellant was responsible. The criterion of liability was not the length of time consumed en route, but whether under the circumstances such time so consumed was unreasonable, unnecessary, or due to want of ordinary care. We are inclined to the view that the question as framed carried with it the implication that the unusual length of time used in making the run to Austin might be considered by the jury as negligence; whereas the jury should have been confined to a finding of whether, under the facts shown, there was unreasonable and unnecessary delay en route; and, if so, whether such delay was due to appellant's negligence.

The same contention is made by appellant as to issue 7 relating to the time consumed in unloading the cattle at Austin. There is no evidence, however, that appellee was in any manner responsible for such delay in that. While the method of submission of such issue above suggested would perhaps be preferable, we deem extended discussion of this contention unnecessary.

Appellant also complains of the trial court's charge on the measure of damages. We do not deem it necessary to set out nor discuss the matter here. Cattle shipment cases in which the measure of damages has been discussed are legion. And suffice it to say that the court's charge in this respect accords with the holdings in numerous cases, unnecessary here to cite, and presents no material error.

For the reasons above set out the judgment of the trial court must be reversed, and the cause remanded for another trial.