## TEXAS & N. O. R. CO. v. NEUBAUER.
### No. 13533.

Court of Civil Appeals of Texas. Fort Worth.

March 19, 1937.

Baker, Botts, Andrews & Wharton, of Houston, and Dibrell, Mosheim & Campbell, of Seguin, for appellant.

Knetsch, Stevenson & Knetsch and Edgar Pfeil, all of Seguin, for appellee.

BROWN, Justice.

This is a suit for damages brought by appellee against appellant originally in the justice of the peace court in Guadalupe county, and on trial de novo in the county court of such county, wherein appellee alleged, orally, that on or about June 3, 1924, he shipped from Marion, Tex., to Fort Worth, Tex., over the appellant's railway, twenty-five head of cattle. He pleaded: "Plaintiff is suing for the amount hereinafter alleged because of the fact that the cattle were not properly loaded, were not properly handled, and the defendant did not provide proper and adequate facilities. That such was negligence, and due to the improper loading and handling of the said cattle by the defendant they did not reach Fort Worth in a good condition, all of which was the result of loss and a damage to plaintiff in the sum of $195.00, for which he sues."

The cause being tried to the court, judgment was rendered for appellee in the sum of $106.25, upon the theory that the cattle lost 1,250 pounds in transit, and were worth 8½ cents per pound.

An appeal was taken from the judgment to the Court of Civil Appeals at San Antonio, and the cause was by the Supreme Court transferred to this Court of Civil Appeals.

The cause was very generally pleaded. The appellant had the right to require a clear and specific statement of what facts the appellee relies upon to show both negligence on the part of the carrier and injury, or loss to the shipper. A general demurrer would not reach the deficiencies in the pleading.

The appellant answered, among other allegations, that the contract made between the parties made it the duty of the shipper to load and unload the cattle at his own risk.

Four assignments of error are brought forward.

The first asserts that the judgment of the trial court is contrary to the law and the evidence, in that the plaintiff seeks to recover damages caused by improper loading of the cattle, while the contract on which he sues expressly provides that the cattle should be loaded by the shipper and that the carrier should not be responsible for any damages occasioned by improper loading, and that the evidence shows the cattle were loaded under the shipper's direction.

The contract upon which the shipper relies specifically laid the responsibility for proper loading upon him, and the testimony, from his lips, goes no further than to say that he told appellant's agent that the car was not large enough and that the cattle were two crowded. He says that he wanted to take some of the cattle out of the car but the gate was closed by the said agent. He admits that he and several of his employees assisted in the loading. The evidence further shows that the railway agent had one man assisting him in the loading. The appellee says he asked the agent for a larger car; and further testified that he had never shipped any cattle in a car, the size asked for, but that he has made other shipments of cattle. He admits that he traveled with the cattle, on a "shipper's pass," and says that he inspected the cattle along the route and found them in good shape. He testified to no rough handling on the part of the railway company's employees, while en route.

■ We have read every word of the evidence introduced, and it is our opinion that it tends to support no issue of negligence on the part of the carrier's employees except that of improper loading.

Appellee is evidently a mature citizen, in possession of his faculties. He contracted to load the cattle and to relieve the carrier of damages resulting from improper loading. He took part in the loading. He could not be compelled to ship his cattle—any or all of them—in the particular car furnished. This is not a case where the shipper delivered the cattle to the carrier for shipment, and relied upon the carrier to properly load the cattle, without his assistance and in his absence.

■ We believe that it was his duty to do more than merely complain of the size of the car before it was loaded, while it was being loaded, or after it was loaded, to show some act of negligence on the part of the carrier. Texas & Pacific Ry. Co. v. Edins, 36 Tex.Civ.App. 639, 83 S.W. 253, by this court.

It is interesting to us to notice the case of Fort Worth & Denver City Ry. Co. v. Word, 32 S.W. 14, which was before this court. The plaintiffs in that suit sought damages for injury done their cattle in a suit almost, if not quite, "on all fours" with the instant suit. They established the fact that their cattle weighed 1,150 pounds per head; that they were furnished 28-foot cars by the carrier when they asked for 34-foot cars; that one can put 27 cattle, like theirs were, in a 34-foot car, and only about 21 or 22 in a 28-foot car.

In the suit before us, appellee testifies that his cattle weighed an average of 750 to 800 pounds. Give him the benefit of the doubt and say that they weighed 800 pounds per head, and we find him complaining that the carrier furnished him a 36-foot car in which to ship 25 head of cattle, weighing 800 pounds each, on the theory that the cattle were thus crowded.

■ The second assignment of error asserts that the judgment is contrary to the law and the evidence, in that appellee is claiming damages for loss of weight in shipment, and that the judgment is based on such claim, when under appellee's evidence it was shown that the cattle weighed as much as, or more, at the place of destination than they did when loaded for shipment; and that there was no evidence having probative force showing any loss in weight.

This assignment of error is also well taken. Appellee's testimony that there were five cattle "down" when they reached Fort Worth and these lost 50 pounds each, and that the remaining cattle (20 head) lost 1,000 pounds—making an aggregate loss of 1,250 pounds—without any proof of actual weighing on the part of appellee, or for him, does not establish a loss in weight in the face of the clear and positive testimony on appellee's part that his cattle, when loaded, weighed (giving him the benefit of his largest figure) 800 pounds each, and that the commission merchant who purchased his cattle gave him a statement that they weighed 23,000 pounds. This positive testimony disclosed to the trial court that the cattle weighed 3,000 pounds more at destination than at the place of shipment.

This is a very small case, in so far as the amount involved is concerned, and it has "hung fire" for more than a decade. The plaintiff below utterly failed to make out a case against the defendant. Perhaps it was, through inadvertence, not as fully developed as could have been done.

For the reasons given, we conclude that the judgment of the trial court should be reversed and the cause remanded for a new trial.